IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEEL S. STYLES, | ) | |
|     Plaintiffs, | ) | |
| vs. | ) | No. 3:18-CV-2167-G-BH |
| | ) | |
| TEXAS ATTORNEY GENERAL, | ) | |
|     Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se in forma pauperis* case has been automatically referred for full case management. Based on the relevant filings and applicable law, the case should be dismissed for lack of jurisdiction.

**I. BACKGROUND**

On August 17, 2018, Teel Styles (Plaintiff) filed three different lawsuits, each challenging a separate final decision by the Texas Attorney General (Defendant) to deny her an award of crime victims' compensation. (*See* doc. 3; No. 3:18-CV-2168-G; No. 3:18-CV-2169-G.)[1] The cases were consolidated on August 21, 2018. (*See* doc. 6.) On August 30, 2018, Plaintiff was sent a magistrate judge's questionnaire to obtain more information about her claims, and she filed her response on September 12, 2018. (*See* docs. 7, 8.) Although Plaintiff identifies her cause of action as "Due Process of My Legal Right to Lawsuit," (*see* doc. 8 at 2), she makes no factual allegation to support a federal cause of action against Defendant. Her complaints, attachments and answers to the questionnaire make clear that she is seeking judicial review of Defendant's final decisions to deny her crime victim's compensation as provided by state law. No process has been issued.

---

[1] Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper).

A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. *Id.* § 1332(a).

Here, Plaintiff seeks review of Defendant's decisions to deny her crime victims' compensation. The Texas Legislature passed the Crime Victims' Compensation Act (the Act) to provide a means to compensate innocent victims of violent crime and persons who intervene to prevent criminal acts for expenses they incurred as a result of the crime. Tex. Code Crim. Proc. Art. 56.31, 56.311. Applications are received and reviewed by the Texas Attorney General's Office, which determines whether compensation should be awarded. Tex. Code Crim. Proc. Art. 56.34, 56.36, 56.38. Under the Act, a claimant may seek judicial review of a final decision of the Texas Attorney General by filing suit in state district court. *See* Tex. Code Crim. Proc. Art. 56.48(a).

Federal courts lack jurisdiction to review denial of compensation under the Act. *See Thongsonlone v. Office of the Attorney General for Texas*, No. 4:18-CV-0476, 2018 WL 1898457, at *2 (S.D. Tex. Apr. 20, 2018).

Because Plaintiff's claims arise solely under state law, and she has not pled a federal cause of action or established the existence of diversity jurisdiction under 28 U.S.C. § 1332, the Court lacks subject matter jurisdiction over her claims.

### III. RECOMMENDATION

Plaintiff's claims should be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**SO RECOMMENDED this 17th day of September, 2018.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE